UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES V. FRAMULARO, JR., : | |
| Plaintiff, : | |
| : | |
| v. : | 3:06-cv-1397 (WWE) |
| : | |
| BOARD OF EDUCATION OF THE : | |
| CITY OF BRIDGEPORT : | |
| Defendant. : | |

# MEMORANDUM OF DECISION ON
# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action arises from plaintiff Charles V. Framularo, Jr.'s claims that defendant Board of Education of the City of Bridgeport discriminated against him on the basis of his age, gender, race and color in violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a). Now pending before the Court is defendant's Motion for Summary Judgment (Doc. #19).

The Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 as to plaintiff's federal law claims and pursuant to 28 U.S.C. § 1367 as to plaintiff's state law claim.

## BACKGROUND

The parties have submitted briefs, a stipulation of facts and supporting exhibits. This evidence reflects the following factual background.

Plaintiff is a white male. At the time of the events at issue in this case, he was 57 years old.

Plaintiff was hired by defendant in 1969 as an elementary school teacher. He

1

continues to be employed by defendant. He holds a bachelor's degree, a master's degree and a six-year advanced degree. He is also a certified elementary school teacher and a certified administrator. During his tenure with defendant, plaintiff has been employed as a numeracy coach, a literacy coach and a "head teacher" and has served as co-director of a summer reading program and as acting associate principal during an absence. Plaintiff has successfully participated in defendant's "Administrative Intern Program." Plaintiff asserts that he is fully qualified to serve in a full time administrator position.

Prior to the start of the 2005-2006 school year, there were five vacant assistant principal positions in the Bridgeport public school system to which plaintiff applied. As part of the first stage of the application process, defendant screened all applicants. Twenty-nine applicants, including plaintiff, were selected for the next round, which included interviews with two of three interviewers. Following the interview, each applicant was given a score on a scale of 1-5, with 5 being the highest possible score. According to the defendant's "Interview Procedures," a "score of 3.0 or higher [in the interview] would qualify an applicant for recommendation to return to the District and Superintendent interview."

In the final stage of the application process, the principal of the respective school established a selection committee which would evaluate the applicant through another interview. The school principal then selected the candidate whose hiring would be subject to final approval by defendant. This aspect of the process was decentralized, such that the interviews with school staff were not coordinated between the schools.

Plaintiff received a composite score of 3.0 on his initial interview. He was

2

selected for an interview at the Blackham school, which was never scheduled because the secretary of the school allegedly could not reach plaintiff. Plaintiff was later selected for an interview at the P.L. Dunbar school. He was not hired for either position.

The candidates who were hired included:

- Charmaine Worthy, an African-American female who was 36 years old at the time of her selection and received a score of 3.9 on her first round interview;[1]

- Deborah Santacaptia, white female, 47, 3.4;

- Deborah Tisdale, African-American female, 50, 4.3;[2]

- Dyrene Meekins, African-American female, 34, 4.6;

- Selena Morgan, African-American female, 47, 4.8.

In addition, of the twenty-nine candidates who were selected for first-round interviews, there were 24 women and 5 men; 16 white applicants; 9 African-American applicants and one Hispanic applicant.[3] In addition, five applicants were older than plaintiff.

Plaintiff states that he has exhausted his administrative remedies.

---

[1] Worthy was hired to work at the Blackham school, where plaintiff was to interview, but for the scheduling problem.

[2] Tisdale was hired to work at the P.L. Dunbar school, where plaintiff interviewed.

[3] There is no race or color information for three of the applicants.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Plaintiff alleges that he was discriminated against because of his age, gender, race and color in violation of the ADEA, Title VII and the CFEPA. Because Connecticut law follows Title VII and the ADEA in all parts relevant to the instant matter, no distinction will be made in considering plaintiff's federal and state claims. Burbank v. Blumenthal, 75 Fed. Appx. 857, 858 (2d Cir. 2003).

Title VII prohibits an employer treating an individual less favorably on account of his gender, race or color. 42 U.S.C. § 2000e-2; Feingold v. New York, 366 F.3d 138,

4

150 (2d Cir. 2004). The ADEA prohibits treating an age-protected individual less favorably than other individuals on account of his age. 29 U.S.C. § 623(a); Stanojev v. Ebasco Servs, Inc., 643 F.2d 914, 923 (2d Cir. 1981). A cause of action under the ADEA requires evidence that plaintiff's age was a factor that made a difference in deciding conditions of plaintiff's employment. Geller v. Markham, 635 F.2d 1027, 1035 (2d Cir. 1980). The ADEA requires that "an employee's age be treated in a neutral fashion, neither facilitating nor hindering advancement, demotion or discharge." Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982).

Where there is no direct evidence of discrimination, both a Title VII claim and an ADEA claim are analyzed under the shifting burdens described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973).[4] Under this rubric, plaintiff must first establish a prima facie case of discrimination. Getschmann v. James River Paper Co., Inc., 822 F.Supp. 75, 77 (D. Conn. 1993). Defendant must then articulate a legitimate, non-discriminatory reason for taking the actions that establish the prima facie case. The reason provided must be both "clear and specific." Meiri v. Dacon, 759 F.2d 989, 997 (2d Cir. 1985). If defendant satisfies this requirement, plaintiff must show that defendant's proffered reason is a pretext for discrimination. Plaintiff is not required to prove that the prohibited motivation was the sole or even the principal factor in the decision, or that the employer's proffered reasons played no role in the employment decision, but only that those were not the only reasons and that plaintiff's protected

---

[4] An ADEA claim is analyzed pursuant to the same framework applicable to Title VII as considered in McDonnell Douglas. Scaria v. Rubin, 117 F.3d 652, 653 (2d Cir. 1997).

status contributed to the employer's decision.  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 78 (2d Cir. 2001).  At all times, plaintiff bears the burden of persuading the trier of fact that the defendant intentionally discriminated against him.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

A prima facie case under Title VII requires that plaintiff show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination.  Petrosino v. Bell Atl., 385 F.3d 210, 226 (2d Cir. 2004).  Similarly, the ADEA requires plaintiff to establish that he was a member of the statutorily age-protected group of 40 to 70 years old, as well as the second, third and fourth prongs of the Title VII case.  Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003).  At this stage, plaintiff's burden is minimal.  Fisher v. Vassar College, 114 F.3d 1332, 1335 (2d Cir. 1997).

The parties agree that plaintiff has established the first three prongs of the McDonnell-Douglas test - namely, that he is a member of a Title VII protected class and that he was between the ages of 40 to 70 years old, that he was qualified for the position and that he suffered an adverse employment action when he was not hired for any of the administrator positions.  The parties disagree, however, as to whether plaintiff's failure to be hired took place under circumstances that give rise to an inference of discrimination.

Numerous courts have held that what is important in establishing a prima facie case under the ADEA is not whether the selected applicant was a member of the ADEA class or not, but rather the significance of the age difference between the plaintiff and

6

the selected applicant.  As the Supreme Court observed, "the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."  O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 313 (1996).  Therefore, courts have found the following sufficient to support an inference of age discrimination: (1) the hiring of a 47-year old applicant and a 42-year old applicant over a 50-year applicant, D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193 (2d Cir. 2007); (2) the replacement of a 57-year old employee with a 47-year old employee, Balut v. Loral Elec. Sys., 166 F.3d 1199 (2d Cir. 1998); and (3) the replacement of a 57-year old employee with one who was 46 years old and one a year younger, Hollander v. Am. Cyanide Co., 172 F.3d 192 (2d Cir. 1999).  As plaintiff was between seven and twenty-three years older than the selected applicants, there is an inference that he was not chosen because of his age.  Plaintiff has thus established a prima facie case under the ADEA.

In addition, the choice of all female candidates, despite the application of five male candidates supports an inference of gender discrimination.  Finally, the selection of one white applicant from a pool of 16 white applicants, while four African American applicants were selected from a total of nine also supports such an inference.[5]

The burden of production now turns to defendant to establish a legitimate, non-

---

[5] The Court is mindful of the small sample cited by plaintiff and relied on by the Court in establishing whether the plaintiff has established a prima facie case.  However, at this stage, the Court must construe the presented facts in favor of the non-moving party.

discriminatory reason for not hiring plaintiff.  Defendant contends that plaintiff was not hired because he scored low on the first round interviews and that the Court should defer to the Board's business judgment regarding employment actions.  Plaintiff argues that this is mere pretext as the scores were merely a gate by which certain applicants were to be advanced through the process.

The fact that the Board of Education used a test to measure candidates does not remove all questions of material fact from the analysis.  As the Board's records show, the score on the test was to be used to shepherd an applicant to the second-round interviews at the schools themselves.  Furthermore, the use of a test does not necessarily remove any potential discriminatory elements from the process.  See McInnis v. Town of Weston, 375 F. Supp. 2d 70, 83 (D. Conn. 2005) (denying summary judgment even where test was used to evaluate candidate).  The Board simply does not present any evidence showing that the interview scores were to serve more than a gatekeeping function.  Byrnie v. Town of Cromwell, cited by defendant, is inapplicable here as the subjective test scores in that case were to be used to evaluate each candidate, not to see if they were to advance to the next stage as they were here.  See Byrnie, 243 F.3d 93, 103-05 (2d Cir. 2001).

Further, while the Court should not function as a super-human resources department, it is the duty of the Court to ensure that the anti-discrimination statutes are followed.  Under these facts, the Board has failed to assert reasons for the failure to hire plaintiff.  An employer must provide "clear and specific" reasons for its action as "vague and conclusory averments of good faith" are insufficient to establish compliance with the ADEA.  Mandell v. Cty. of Suffolk, 316 F3.d 368, 381 (2d Cir. 2003); see also

8

Alexander v. Louisiana, 405 U.S. 625, 632 (1972).  Also irrelevant are the personal characteristics of plaintiff's first round interviewers as such information is not probative of defendant's intent or purposes.  See Kadas v. MCI Systemhouse Corp., 255 F.3d 359, 361 (7th Cir. 2001) (rejecting "same-actor" inference in age discrimination case).

Here, the Board has provided a test score which, by defendant's internal document, is used only to advance a candidate, not to evaluate them.  Because a reasonable jury could conclude based on the facts at hand that plaintiff was not hired due to his age, gender, race or color, summary judgment is inappropriate.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for summary judgment (Doc. #19).

Dated at Bridgeport, Connecticut, this 30th day of April, 2008.

                                                  /s/
                                          Warren W. Eginton
                                          Senior United States District Judge